UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF WISCONSIN
MILWAUKEE DIVISION

HECTOR ANGEL
on behalf of himself and all
others similarly situated,                    Case No. 19-cv-420

              Plaintiff,                       **COLLECTIVE AND CLASS
                                               ACTION COMPLAINT
       v.                                      PURSUANT TO 29 U.S.C. §216(b)
                                               AND FED. R. CIV. P. 23**

J & L FIBER SERVICES, INC.                     **JURY TRIAL DEMANDED**
831 Progress Avenue
Waukesha, Wisconsin 53186

              Defendant

## COMPLAINT

## PRELIMINARY STATEMENT

1.      This is a collective and class action brought pursuant to the Fair Labor Standards

Act of 1938, as amended, ("FLSA"), and Wisconsin's Wage Payment and Collection Laws, Wis.

Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code

§ DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*. ("WWPCL") and Fed. R.

Civ. P. 23, by Plaintiff, Hector Angel, on behalf of himself and all other similarly situated

current and former hourly-paid, non-exempt Production employees of Defendant, J & L Fiber

Services, Inc., for purposes of obtaining relief under the FLSA and WWPCL for unpaid overtime

compensation, unpaid agreed upon wages, liquidated damages, costs, attorneys' fees, declaratory

and/or injunctive relief, and/or any such other relief the Court may deem appropriate.

2.     Defendant, J & L Fiber Services, Inc., is a privately owned company headquartered in Portland, Oregon – but with a location in Waukesha, Wisconsin – that provides production and manufacturing services in the pulp and paper industries.

3.     Defendant operated (and continues to operate) an unlawful compensation system that deprived and failed to compensate all current and former hourly-paid, non-exempt Production employees for all hours worked and work performed each workweek, including at an overtime rate of pay, by: (1) failing to compensate Production employees for donning and doffing Defendant-issued uniforms and protective gear at the beginning and end of each work day; (2) compensating Production employees based upon their daily scheduled shift start and end times, as opposed to when compensable work commenced and ceased, respectively, which resulted in Defendant shaving time from Production employees' timesheets each workweek; and (3) failing to include all non-discretionary forms of compensation, such as bonuses, incentives, awards, and/or other monetary payments, in Production employees' regular rates of pay for overtime calculation purposes.

4.     Defendant's failure to compensate its hourly paid, non-exempt Production employees for compensable work performed, including but not limited to at the correct and lawful overtime rate of pay, was intentional, willful, and violated federal law as set forth in the FLSA and state law as set forth in the WWPCL.

## JURISDICTION AND VENUE

5.      This Court has original federal question jurisdiction under 28 U.S.C. § 1331 because this case is brought under the FLSA, 29 U.S.C. §§ 201, *et seq*.

6.      This Court has supplemental jurisdiction, pursuant to 28 U.S.C. § 1367, over the state law claims, Wisconsin's Wage Payment and Collection Laws, Wis. Stat. § 109.01 *et seq*., Wis. Stat. § 104.01 *et seq*., Wis. Stat. § 103.001 *et seq.,* Wis. Admin. Code § DWD 274.01 *et seq*., and Wis. Admin. Code § DWD 272.001 *et seq*., because they are so related in this action within such original jurisdiction that they form part of the same case or controversy under Article III of the United States Constitution.

7.      Venue in this district is proper pursuant to 28 U.S.C. § 1391(b) and (c), because a substantial part of the events or omissions giving rise to the claims occurred in this District, and Defendant has substantial and systematic contacts in this District.

## PARTIES

8.      Defendant is a Portland, Oregon-based company with a principal office address of 4650 SW Macadam Avenue, Suite 300, Portland, Oregon 97239

9.      Defendant owns and operates a physical location that is located at 831 Progress Avenue, Waukesha, Wisconsin 53186.

10.      Defendant's registered agent for service in the State of Wisconsin is National Registered Agents, Inc., 301 South Bedford Street, Suite 1, Madison, Wisconsin 53703

11.      For purposes of the FLSA, Defendant was an "employer" of an "employee," Plaintiff, as those terms are used in 29 U.S.C. §§ 203(d) and (e).

12.     For purposes of the FLSA, Defendant is an "employer" of Plaintiff, and Plaintiff was "employed" by Defendant, as those terms or variations thereof are used in Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

13.     Plaintiff, Hector Angel, is an adult male resident of the State of Wisconsin residing at 1900 Paradise Street, Waukesha, Wisconsin 53188.

14.     Plaintiff's Notice of Consent to Join this collective action pursuant to 29 U.S.C. § 216(b) is contemporaneously filed with this Complaint (ECF No. 1).

15.     Plaintiff worked as a hourly-paid, non-exempt Production employee at Defendant's Waukesha, Wisconsin location within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1).

16.     Plaintiff brings this action on behalf of himself and all other similarly-situated current and former hourly-paid, non-exempt Production employees who work at, worked at, and/or were employed by Defendant within the three (3) years immediately preceding the filing of this Complaint (ECF No. 1). Plaintiff performed similar job duties as other current and former hourly-paid, non-exempt Production employees who work at, worked at, and/or were employed by Defendant, and Plaintiff and all other current and former hourly-paid, non-exempt Production employees were subject to Defendant's same unlawful policies as enumerated herein.

17.     Plaintiff and all other current and former hourly-paid, non-exempt Production employees on whose behalf Plaintiff brings this Complaint performed compensable work in the same or similarly-titled positions at Defendant's direction, on Defendant's behalf, and/or with Defendant's knowledge.

18.     Defendant supervised Plaintiff's day-to-day activities and the day-to-day activities of all other hourly-paid, non-exempt Production employees.

19.     Defendant had the ability and authority to hire, terminate, promote, demote, and suspend Plaintiff and all other hourly-paid, non-exempt Production employees.

20.     Defendant had the ability and authority to review Plaintiff's work performance and the work performance of all other hourly-paid, non-exempt Production employees.

21.     Defendant established the work rules, policies, and procedures by which Plaintiff and all other hourly-paid, non-exempt Production employees abided in the workplace.

22.     Defendant controlled the terms and conditions of Plaintiff's employment and the employment of all other hourly-paid, non-exempt Production employees.

23.     Defendant established Plaintiff's work schedule and the work schedules of all other hourly-paid, non-exempt Production employees.

24.     Defendant provided Plaintiff and all other hourly-paid, non-exempt Production employees with work assignments and hours of work.

25.     Plaintiff's hours of work and the hours of work of all other hourly-paid, non-exempt Production employees were tracked and recorded by Defendant.

## GENERAL ALLEGATIONS

26.     In approximately June 1989, Defendant hired Plaintiff as a Production employee

27.     During Plaintiff's employment with Defendant, Plaintiff performed compensable work in various positions, including Machine Operator and Fabrication Level II.

28.     On or about February 25, 2019, Plaintiff's employment with Defendant ended.

29.     During Plaintiff's employment with Defendant, Plaintiff performed compensable work as an hourly-paid, non-exempt Production employee.

30.     During the entirety of Plaintiff's employment with Defendant, Plaintiff was an hourly-paid, non-exempt employee for purposes of the FLSA and WWPCL.

31.     The vast majority of Defendant's employees during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) were hourly-paid, non-exempt Production employees.

32.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees regularly worked in excess of forty (40) hours per workweek.

33.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees weekly via check.

34.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's workweek for FLSA and WWPCL purposes was Monday through Sunday.

35.     On a daily basis during Plaintiff's employment with Defendant, Plaintiff worked alongside other hourly-paid, non-exempt Production employees as part of Defendant's production process.

36.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees were subject to Defendant's same pay and timekeeping policies and practices.

37.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees were subject to Defendant's same employment policies, terms, and conditions as contained in its "Employee Handbook."

## DONNING & DOFFING

38.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees had unique Employee Numbers for timekeeping and/or recordkeeping purposes.

39.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Production employees' unique Employee Numbers tracked and recorded hours worked each workday via Defendant's electronic timekeeping system.

40.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees recorded their hours worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via Defendant's electronic timekeeping system by using a hand scanner and their unique Employee Numbers.

41.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt Production employees to record hours worked each workday by "clocking in" at the beginning of their shift and "clocking out" at the end of their shift via its electronic timekeeping system.

42.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Production employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system were electronically stored and retained by Defendant.

43. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Production employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system recorded actual hours worked and/or work performed each workday and each workweek.

44. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Production employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system did not track, record, and/or reflect all actual hours worked and/or work performed each workday and each workweek.

45. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant required Plaintiff and all other hourly-paid, non-exempt Production employees to wear Defendant-issued uniforms and protective gear each work day while performing compensable work.

46. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice required Plaintiff and all other hourly-paid, non-exempt Production employees to: (1) change into Defendant-issued uniforms and don protective gear prior to performing their Production duties each work day; and (2) change out of Defendant-issued uniforms and doff protective gear after ending their Production duties each work day.

47. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice required Plaintiff and all other hourly-paid, non-exempt Production employees to engage in the activities described in the aforementioned paragraph on Defendant's premises and/or at Defendant's Waukesha, Wisconsin location.

48. At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice required Plaintiff and all other hourly-paid, non-exempt Production employees to change into Defendant-issued uniforms and don protective gear prior to "clocking in" via Defendant's electronic timekeeping system.

49. In practice and at the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees changed into Defendant-issued uniforms and donned protective gear prior to "clocking in" via Defendant's electronic timekeeping system.

50. At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to discipline Plaintiff and all other hourly-paid, non-exempt Production employees if said employees changed into Defendant-issued uniforms and donned protective gear after to "clocking in" via Defendant's electronic timekeeping system.

51. In practice and at the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant disciplined Plaintiff and other hourly-paid, non-exempt Production employees for changing into Defendant-issued uniforms and donning protective gear after "clocking in" via its electronic timekeeping system.

52.     At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), it took Plaintiff and all other hourly-paid, non-exempt Production employees approximately five (5) to fifteen (15) minutes to change into Defendant-issued uniforms and don protective gear prior to "clocking in" via Defendant's electronic timekeeping system.

53.     At the beginning of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), changing into Defendant-issued uniforms and donning protective gear prior was an integral and indispensable part of Plaintiff's and all other hourly-paid, non-exempt Production employees' job duties.

54.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other hourly-paid, non-exempt Production employees for time spent changing into Defendant-issued uniforms and donning protective gear prior to "clocking in" via Defendant's electronic timekeeping system at the beginning of each work day.

55.     At the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice required Plaintiff and all other hourly-paid, non-exempt Production employees to change out of Defendant-issued uniforms and doff protective gear after "clocking out" via Defendant's electronic timekeeping system.

56.     In practice and at the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff and all other hourly-paid, non-exempt Production employees changed out of Defendant-issued uniforms and doffed protective gear after "clocking out" via Defendant's electronic timekeeping system.

57.     At the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policy in practice was to discipline Plaintiff and all other hourly-paid, non-exempt Production employees if said employees changed out of Defendant-issued uniforms and doffed protective gear before "clocking out" via Defendant's electronic timekeeping system.

58.     In practice and at the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant disciplined Plaintiff and other hourly-paid, non-exempt Production employees for changing out of Defendant-issued uniforms and doffing protective gear before "clocking out" via its electronic timekeeping system.

59.     At the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), it took Plaintiff and all other hourly-paid, non-exempt Production employees approximately five (5) to fifteen (15) minutes to change out of Defendant-issued uniforms and doff protective gear after "clocking out" via Defendant's electronic timekeeping system.

60.     At the end of each work day during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), changing out of Defendant-issued uniforms and doffing protective gear prior was an integral and indispensable part of Plaintiff's and all other hourly-paid, non-exempt Production employees' job duties.

61.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not compensate Plaintiff and all other hourly-paid, non-exempt Production employees for time spent changing out of Defendant-issued uniforms and doffing protective gear before "clocking in" via Defendant's electronic timekeeping system at the end of each work day.

**TIMESHAVING**

62.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant maintained three (3) separate shifts at its Waukesha, Wisconsin location: First Shift; Second Shift; and Third Shift.

63.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff generally worked on First Shift while employed by Defendant.

64.     During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff's and all other hourly-paid, non-exempt Production employees' "clock in" and "clock out" times each workday via Defendant's electronic timekeeping system recorded, reflected, and represented actual hours worked and/or work performed each workday and each workweek.

65.     However, during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Production employees for actual hours worked and/or work performed each workday and each workweek as recorded, reflected, and represented via Defendant's electronic timekeeping system.

66.     For example, during the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Plaintiff, on any given work day, generally: (1) "clocked in" via Defendant's electronic timekeeping system between approximately 4:00 a.m. and 5:00 p.m.; and (2) "clocked out" via Defendant's electronic timekeeping system between approximately 2:10 p.m. and 3:00 p.m. Despite having a record of Plaintiff's hours worked and/or work performed as represented via Defendant's electronic timekeeping system on these work days, Defendant did not compensate Plaintiff in accordance with the record of Plaintiff's hours worked and/or work

performed as represented via Defendant's electronic timekeeping system, effectively shaving time from Plaintiff's timesheets each workweek.

67. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), and despite having a record of all Production employees' hours worked and/or work performed each workweek as represented via Defendant's electronic timekeeping system, Defendant did not compensate its Production employees in accordance with the record of hours worked and/or work performed as represented via Defendant's electronic timekeeping system, effectively shaving time from Production employees' timesheets each workweek.

## NON-DISCRETIONARY COMPENSATION

68. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees with, in addition to their hourly or regular rates of pay, other non-discretionary forms of compensation, such as bonuses, incentives, awards, and/or other monetary payments.

69. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the forms of compensation (as identified in the previous paragraph) with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees, in addition to their hourly or regular rates of pay, were non-discretionary in nature: they were based on Plaintiff's and all other hourly-paid, non-exempt Production employees' hours worked, work performance, attendance, health and safety, and/or they were announced and known to Plaintiff and all other hourly-paid, non-exempt Production employees to encourage and/or reward their steady, rapid, productive, consistent, regular, and/or efficient hours worked, work performance, attendance, and/or health and safety.

70. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), the non-discretionary forms of compensation with which Defendant compensated Plaintiff and all other hourly-paid, non-exempt Production employees, in addition to their hourly or regular rates of pay, were remunerated to Plaintiff and all other hourly-paid, non-exempt Production employees on approximately a monthly and/or quarterly basis.

71. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant failed to include the aforementioned non-discretionary forms of compensation in Plaintiff's and all other hourly-paid, non-exempt Production employees' regular rates of pay for overtime calculation purposes.

**

72. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Production employees for all hours actually worked and/or work performed each work day.

73. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant did not properly and lawfully compensate Plaintiff and all other hourly-paid, non-exempt Production employees for all hours actually worked and/or work performed each workweek, including but not limited to at an overtime rate of pay.

74. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1), Defendant's policies in practice unlawfully and impermissibly failed to, on a daily and/or weekly basis, compensate Plaintiff and all other hourly-paid, non-exempt Production employees when compensable work commenced and/or ceased.

75. During the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) and during workweeks when no overtime was due, if any, Defendant suffered or permitted Plaintiff and all other hourly-paid, non-exempt Production employees to work without being paid appropriate and lawful compensation for all hours worked and/or work performed.

76. Defendant was or should have been aware that its policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Production employees for when compensable work commenced and/or ceased each work day.

77. Defendant was or should have been aware that its policies in practice failed to compensate Plaintiff and all other hourly-paid, non-exempt Production employees for all hours worked and/or work performed each workweek, including but not limited to at an overtime rate of pay.

## COLLECTIVE ACTION ALLEGATIONS UNDER THE FLSA

78. Plaintiff brings this action on behalf of himself and all other similarly situated employees as authorized under the FLSA, 29 U.S.C. § 216(b). The similarly situated employees include:

> **FLSA Collective (Donning & Doffing)**: All hourly-paid, non-exempt Production employees employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees for donning and/or doffing Defendant-issued uniforms and/or protective gear.

**FLSA Collective (Timeshaving)**: All hourly-paid, non-exempt Production employees employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in excess of forty (40) hours in a workweek as a result of Defendant's failure to compensate said employees for hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system.

**FLSA Collective (Non-Discretionary Compensation)**: All hourly-paid, non-exempt Production employees employed by Defendant within the three (3) year period immediately preceding the filing of this Complaint (ECF No. 1) who received non-discretionary forms of compensation, in addition to regular wages, that were not included in the regular rate of pay for overtime calculation purposes.

79. Defendant, as a matter of policy and practice, did not compensate its employees for all compensable time during the work day (and on a workweek basis) by the FLSA Collective (Donning & Doffing). These practices resulted in Plaintiff and the FLSA Collective (Donning & Doffing) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

80. Defendant, as a matter of policy and practice, did not compensate its employees for all compensable time during the work day (and on a workweek basis) by the FLSA Collective (Timeshaving). These practices resulted in Plaintiff and the FLSA Collective (Timeshaving) being denied overtime compensation by Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

81. Defendant, as a matter of policy and practice, did not include all non-discretionary forms of compensation in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes. These practices resulted in Plaintiff and the FLSA Collective (Non-Discretionary Compensation) being denied overtime compensation by

Defendant at the rate of one and one-half times their regular hourly rate of pay for hours worked in excess of forty (40) in a workweek.

82.    The First, Second, and Third Claims for Relief are brought under and maintained as opt-in Collective Actions pursuant to § 216(b) of the FLSA, 29 U.S.C. 216(b), by Plaintiff on behalf of the FLSA Collectives.

83.    The FLSA Collective claims may be pursued by those who affirmatively opt in to this case, pursuant to 29 U.S.C. § 216(b).

84.    Plaintiff and the FLSA Collectives are and have been similarly situated, have and have had substantially similar job requirements and pay provisions, and are and have been subject to Defendant's decisions, policies, plans and programs, practices, procedures, protocols, routines, and rules willfully failing and refusing to compensate them for each hour worked including overtime compensation. The claims of Plaintiff stated herein are the same as those of the FLSA Collectives.

85.    Plaintiff and each of the FLSA Collectives seek relief on a collective basis challenging, among other FLSA violations, Defendant's practice of failing to properly and lawfully compensate employees for all work performed and/or hours worked, including overtime compensation, and to include all non-discretionary compensation in said employees' regular rates of pay for overtime calculation purposes.

86.    The FLSA Collectives are readily ascertainable. For purpose of notice and other purposes related to this action, the names, phone numbers, and addresses are readily available from Defendant. Notice can be provided to the FLSA Collectives via first class mail to the last address known by Defendant and through posting at Defendant's facility in areas where postings are normally made.

87.     Defendant's conduct, as set forth in this Complaint, was willful and in bad faith, and has caused significant damages to Plaintiff and the putative FLSA Collectives.

## RULE 23 CLASS ALLEGATIONS - WISCONSIN

88.     Plaintiff brings this action on behalf of himself and all other similarly-situated employees pursuant to the WWPCL, under Fed. R. Civ. P. 23.  The similarly situated employees include:

> **Wisconsin Class (Donning & Doffing)**: All hourly-paid, non-exempt Production employees employed by Defendant within the two (2) year period immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek, as a result of Defendant's failure to compensate said employees for donning and/or doffing Defendant-issued uniforms and/or protective gear.

> **Wisconsin Class (Timeshaving)**: All hourly-paid, non-exempt Production employees employed by Defendant within the two (2) year period immediately preceding the filing of this Complaint (ECF No. 1) who have not been compensated for all hours worked in a workweek, including at an overtime rate of pay for those hours worked in excess of forty (40) hours in a workweek, as a result of Defendant's failure to compensate said employees for hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system.

> **Wisconsin Class (Non-Discretionary Compensation)**: All hourly-paid, non-exempt Production employees employed by Defendant within the two (2) year period immediately preceding the filing of this Complaint (ECF No. 1) who received non-discretionary forms of compensation, in addition to regular wages, that were not included in the regular rate of pay for overtime calculation purposes.

89.     The members of the Wisconsin Classes are readily ascertainable. The number and identity of the members of the Wisconsin Classes are determinable from the records of Defendant. The job titles, length of employment, and the rates of pay for each member of the

Wisconsin Classes are also determinable from Defendant's records. For purposes of notice and other purposes related to this action, their names and addresses are readily available from Defendant. Notice can be provided by means permissible under Fed. R. Civ. P. 23.

90.     The proposed Wisconsin Classes are so numerous that joinder of all members is impracticable, and more importantly the disposition of their claims as a class will benefit the parties and the Court. Although the precise number of such persons is unknown, upon information and belief, there are over one-hundred (100) members of each of the Wisconsin Classes.

91.     Plaintiff's claims are typical of those claims which could be alleged by any members of the Wisconsin Classes, and the relief sought is typical of the relief which would be sought by each member of the Wisconsin Classes in separate actions. All of the members of the Wisconsin Classes were subject to the same corporate practices of Defendant, as alleged herein. Defendant's corporate-wide policies and practices affected all members of the Wisconsin Classes similarly, and Defendant benefited from the same type of unfair and/or wrongful acts as to each member of the Wisconsin Classes. Plaintiff and other members of the Wisconsin Classes sustained similar losses, injuries and damages arising from the same unlawful policies, practices and procedures.

92.     Plaintiff is able to fairly and adequately protect the interests of the Wisconsin Classes and has no interests antagonistic to the Wisconsin Classes. Plaintiff is represented by counsel who are experienced and competent in both collective/class action litigation and employment litigation and have previously represented plaintiffs in wage and hour cases.

93.     A class action is superior to other available methods for the fair and efficient adjudication of the controversy – particularly in the context of wage and hour litigation where individual class members lack the financial resources to vigorously prosecute a lawsuit against corporate defendants. Class action treatment will permit a number of similarly-situated persons to prosecute their common claims in a single forum simultaneously, efficiently, and without the unnecessary duplication of efforts and expense that numerous individual actions engender. Because the losses, injuries and damages suffered by each of the individual Wisconsin Classes members are small in the sense pertinent to a class action analysis, the expenses and burden of individual litigation would make it extremely difficult or impossible for the individual members of the Wisconsin Classes to redress the wrongs done to them.

94.     Important public interests will be served by addressing the matter as a class action. The adjudication of individual litigation claims would result in a great expenditure of Court and public resources; however, treating the claims as a class action would result in a significant saving of these costs. The prosecution of separate actions by individual members of the Wisconsin Classes would create a risk of inconsistent and/or varying adjudications with respect to the individual members of the Wisconsin Classes, establishing incompatible standards of conduct for Defendant and resulting in the impairment of class members' rights and the disposition of their interests through actions to which they were not parties. The issues in this action can be decided by means of common, class-wide proof. In addition, if appropriate, the Court can, and is empowered to, fashion methods to efficiently manage this action as a class action.

95.     Defendant has violated the WWPCL regarding payment of wages and overtime premium wages. Current employees are often afraid to assert their rights out of fear of direct or indirect retaliation. Former employees are fearful of bringing claims because doing so can harm their employment, future employment, and future efforts to secure employment. Class actions provide class members who are not named in the Complaint a degree of anonymity which allows for the vindication of their rights while eliminating or reducing these risks.

96.     There are questions of fact and law common to the Wisconsin Classes that predominate over any questions affecting only individual members. The questions of law and fact common to the Wisconsin Classes arising from Defendant's actions include, without limitation, the following: (1) Whether the work performed by Plaintiff and the Wisconsin Classes is compensable under federal law and/or Wisconsin law; (2) Whether Defendant engaged in a pattern or practice of forcing, coercing, deceiving and/or permitting Plaintiff and the Wisconsin Classes to perform work for Defendant's benefit without being properly compensated; (3) Whether Defendant failed to pay the Wisconsin Classes for all work Defendant suffered or permitted them to perform; (4) Whether Defendant failed to include all forms of non-discretionary compensation in the Wisconsin Classes regular rates of pay for overtime calculation purposes; and (5) The nature and extent of class-wide injury and the measure of damages for the injury.

97.     The questions set forth above predominate over any questions affecting only individual persons, and a class action is superior with respect to considerations of consistency, economy, efficiency, fairness and equity, to other available methods for the fair and efficient adjudication of the state law claims.

## FIRST CLAIM FOR RELIEF
## Violations of the FLSA – Unpaid Overtime
## (Plaintiff on behalf of himself and the FLSA Collective (Donning & Doffing))

98.     Plaintiff, on behalf of himself and the FLSA Collective (Donning & Doffing), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

99.     At all times material herein, Plaintiff and the FLSA Collective (Donning & Doffing) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

100.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Donning & Doffing) as provided under the FLSA.

101.     At all times material herein, Plaintiff and the FLSA Collective (Donning & Doffing) were employees of Defendant as provided under the FLSA.

102.     Plaintiff and the FLSA Collective (Donning & Doffing) are victims of uniform compensation policy and practice in violation of the FLSA.

103.     Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Donning & Doffing) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

104.     Defendant suffered or permitted Plaintiff and the FLSA Collective (Donning & Doffing) to perform work without being properly or lawfully compensated for each hour worked. Specifically, Defendant failed to compensate Plaintiff and the FLSA Collective (Donning & Doffing) for donning and doffing Defendant-issued uniforms and protective gear at the beginning and end of each work day. The effect of such a practice denied Plaintiff and the FLSA Collective (Donning & Doffing) their agreed upon wages for hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

105.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

106.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

107.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective (Donning & Doffing) and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Donning & Doffing) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Donning & Doffing) are entitled to an award of pre-judgment interest at the applicable legal rate.

108.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Donning & Doffing) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

109. Plaintiff and the FLSA Collective (Donning & Doffing) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

110. Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

**SECOND CLAIM FOR RELIEF**
**Violations of the FLSA – Unpaid Overtime**
**(Plaintiff on behalf of himself and the FLSA Collective (Timeshaving))**

111. Plaintiff, on behalf of himself and the FLSA Collective (Timeshaving), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

112. At all times material herein, Plaintiff and the FLSA Collective (Timeshaving) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et. seq.*

113. At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Timeshaving) as provided under the FLSA.

114. At all times material herein, Plaintiff and the FLSA Collective (Timeshaving) were employees of Defendant as provided under the FLSA.

115. Plaintiff and the FLSA Collective (Timeshaving) are victims of uniform compensation policy and practice in violation of the FLSA.

116. Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Timeshaving) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

117.     Defendant suffered or permitted Plaintiff and the FLSA Collective (Timeshaving) to perform work without being properly or lawfully compensated for each hour worked. Specifically, Defendant failed to compensate Plaintiff and the FLSA Collective (Timeshaving) for hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system. The effect of such a practice denied Plaintiff and the FLSA Collective (Timeshaving) their agreed upon wages for hours worked that were not counted as work, including overtime wages for hours worked in excess of forty (40) in a workweek.

118.     The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

119.     Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

120.     Defendant's failure to properly compensate Plaintiff and the FLSA Collective (Timeshaving) and failure to properly record all compensable work time was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe that its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the FLSA Collective (Timeshaving) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the

FLSA Collective (Timeshaving) are entitled to an award of pre-judgment interest at the applicable legal rate.

121.     As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Timeshaving) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

122.     Plaintiff and the FLSA Collective (Timeshaving) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

123.     Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

### THIRD CLAIM FOR RELIEF
### Violations of the FLSA – Unpaid Overtime
### (Plaintiff on behalf of himself and the FLSA Collective (Non-Discretionary Compensation))

124.     Plaintiff, on behalf of himself and the FLSA Collective (Non-Discretionary Compensation), reasserts and incorporates by reference all paragraphs set forth above as if restated herein.

125.     At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) have been entitled to the rights, protections, and benefits provided under the FLSA, 29 U.S.C. § 201 *et seq.*

126.     At all times material herein, Defendant was an employer of Plaintiff and the FLSA Collective (Non-Discretionary Compensation) as provided under the FLSA.

127.    At all times material herein, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) were employees of Defendant as provided under the FLSA.

128.    Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are victims of uniform compensation policy and practice in violation of the FLSA.

129.    Defendant violated the FLSA by failing to include all non-discretionary forms of compensation, such as bonuses, incentives, awards, and/or other monetary payments, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes.

130.    Defendant violated the FLSA by failing to account for and compensate Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for overtime premium pay for each hour they worked in excess of forty (40) hours each workweek.

131.    The FLSA regulates, among other things, the payment of an overtime premium by employers whose employees are engaged in commerce, or engaged in the production of goods for commerce, or employed in an enterprise engaged in commerce or in the production of goods for commerce. 29 U.S.C. § 207(a)(1).

132.    Defendant was and is subject to the overtime pay requirements of the FLSA because Defendant is an enterprise engaged in commerce and/or its employees are engaged in commerce, as defined in FLSA, 29 U.S.C. § 203(b).

133.    Defendant's failure to include all non-discretionary compensation, such as bonuses, incentives, awards, and/or other monetary payments, in the FLSA Collective's (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes was willfully perpetrated. Defendant has not acted in good faith nor with reasonable grounds to believe its actions and omissions were not a violation of the FLSA, and as a result thereof, Plaintiff and the

FLSA Collective (Non-Discretionary Compensation) are entitled to recover an award of liquidated damages in an amount equal to the amount of unpaid overtime premium pay described above pursuant to Section 216(b) of the FLSA, 29 U.S.C. § 216(b). Alternatively, should the Court find that Defendant did not act willfully in failing to pay overtime premium pay wages, Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to an award of pre-judgment interest at the applicable legal rate.

134.    As a result of the aforesaid willful violations of the FLSA's provisions, overtime compensation has been unlawfully withheld by Defendant from Plaintiff and the FLSA Collective (Non-Discretionary Compensation) for which Defendant is liable pursuant to 29 U.S.C. § 216(b).

135.    Plaintiff and the FLSA Collective (Non-Discretionary Compensation) are entitled to damages equal to the mandated overtime premium pay within the three (3) years preceding the date of filing of this Complaint, plus periods of equitable tolling because Defendant acted willfully and knew or showed reckless disregard of whether its conduct was prohibited by the FLSA.

136.    Pursuant to FLSA, 29 U.S.C. § 216(b), successful Plaintiffs are entitled to reimbursement of the costs and attorneys' fees expended in successfully prosecuting an action for unpaid wages and overtime wages.

## FOURTH CLAIM FOR RELIEF
### Violation of the WWPCL – Unpaid Overtime and Regular Wages
### (Plaintiff, on behalf of himself and the Wisconsin Class (Donning & Doffing))

137.     Plaintiff, on behalf of himself and the Wisconsin Class (Donning & Doffing), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

138.     At all relevant times, Plaintiff and the Wisconsin Class (Donning & Doffing) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

139.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Donning & Doffing) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

140.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Donning & Doffing) within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

141.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class (Donning & Doffing) regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

142.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Donning & Doffing) overtime compensation.

143. Throughout the Wisconsin Class Period, Defendant did not compensate Plaintiff and the Wisconsin Class (Donning & Doffing) for donning and doffing Defendant-issued uniforms and protective gear at the beginning and end of each work day, resulting in Defendant impermissibly and unlawfully failing to compensate the Wisconsin Class (Donning & Doffing) for any and all hours worked and/or work performed each work day at a regular and/or at an overtime rate of pay.

144. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

145. Defendant willfully failed to pay Plaintiff and the Wisconsin Class (Donning & Doffing) overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

146. As set forth above, Plaintiff and the Wisconsin Class (Donning & Doffing) members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Donning & Doffing) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Donning & Doffing) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

147. Plaintiff and the Wisconsin Class (Donning & Doffing) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**FIFTH CLAIM FOR RELIEF**
**Violation of the WWPCL – Unpaid Overtime and Regular Wages**
**(Plaintiff, on behalf of himself and the Wisconsin Class (Timeshaving))**

148.     Plaintiff, on behalf of himself and the Wisconsin Class (Timeshaving), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

149.     At all relevant times, Plaintiff and the Wisconsin Class (Timeshaving) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

150.     At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Timeshaving) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

151.     At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Timeshaving) within the meaning of Wis. Stat. §§ 109.01 *et. seq.*, 103.01 *et. seq.*, 104.01 *et. seq.*, and Wis. Admin. Code § DWD 272.01.

152.     Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class (Timeshaving) regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

153.     At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Timeshaving) overtime compensation.

154.     Throughout the Wisconsin Class Period, Defendant did not compensate Plaintiff and the Wisconsin Class (Timeshaving) for hours worked and/or work performed while "clocked in" via Defendant's electronic timekeeping system.

155.    The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

156.    Defendant willfully failed to pay Plaintiff and the Wisconsin Class (Timeshaving) overtime premium compensation for all hours worked in excess of forty (40) hours a workweek, in violation of Wisconsin Wage Payment Laws.

157.    As set forth above, Plaintiff and the Wisconsin Class (Timeshaving) members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Timeshaving) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Timeshaving) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

158.    Plaintiff and the Wisconsin Class (Timeshaving) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

### SIXTH CLAIM FOR RELIEF
### Violation of the WWPCL - Failure To Pay An Agreed Upon Wage
### (Plaintiff, on behalf of himself and the Wisconsin Classes
### (Donning & Doffing and Timeshaving))

159.    Plaintiff, on behalf of himself and the Wisconsin Classes (Donning & Doffing and Timeshaving), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

160.    Throughout the Wisconsin Class Period, Defendant agreed – but ultimately failed – to compensate Plaintiff and the Wisconsin Classes (Donning & Doffing and Timeshaving) for any and all hours worked and/or work performed at Defendant's direction, on Defendant's

behalf, and/or with Defendant's knowledge. As such, Plaintiff and the Wisconsin Classes (Donning & Doffing and Timeshaving) are entitled payments from Defendant at their agreed upon wage, as defined in Wis. Stat. § 109.01(3), for each hour worked by Plaintiff and the Wisconsin Classes (Donning & Doffing and Timeshaving) pursuant to Wis. Stat. § 109.03.

161.    Defendant violated the WWPCL by failing to properly compensate Plaintiff and the Wisconsin Classes (Donning & Doffing and Timeshaving) for each hour worked by Plaintiff and the Wisconsin Classes (Donning & Doffing and Timeshaving) through the impermissible policies and practices described above.

162.    As set forth above, Plaintiff and the members of the Wisconsin Classes (Donning & Doffing and Timeshaving) have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Classes (Donning & Doffing and Timeshaving) seek damages in the amount of Plaintiff's and the Wisconsin Classes (Donning & Doffing and Timeshaving) members' respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from their violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper.  Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Classes (Donning & Doffing and Timeshaving) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

163.    Plaintiff and the Wisconsin Classes (Donning & Doffing and Timeshaving) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to Wisconsin Wage Payment Laws.

## SEVENTH CLAIM FOR RELIEF
## Violation of the WWPCL – Unpaid Overtime
## (Plaintiff, on behalf of himself and the Wisconsin Class (Non-Discretionary Compensation))

164.　Plaintiff, on behalf of himself and the Wisconsin Class (Non-Discretionary Compensation), re-alleges and incorporates all previous paragraphs as if they were set forth herein.

165.　At all relevant times, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) were employees of Defendant within the meaning of Wis. Stat. §§ 109.01(1r), 103.001(5), and 104.01(2)(a).

166.　At all relevant times, Defendant was an employer of Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) within the meaning of Wis. Stat. §§ 109.01(2), 103.001(6), and 104.01(3)(a), and Wis. Admin. Code § DWD 272.01(5).

167.　At all relevant times, Defendant has employed, and continues to employ, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) within the meaning of Wis. Stat. §§ 109.01 *et seq.*, 103.01 *et seq.*, 104.01 *et seq.*, and Wis. Admin. Code § DWD 272.01.

168.　Throughout the Wisconsin Class Period, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) regularly performed activities that were an integral and indispensable part of his or her (collectively, their) principal activities without receiving compensation for these activities.

169.　At all relevant times, Defendant had common policies, programs, practices, procedures, protocols, routines, and rules of willfully failing to properly pay Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) overtime compensation.

170. Throughout the Wisconsin Class Period, Defendant did not compensate Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) at the correct and lawful overtime rate of pay by failing to include all non-discretionary forms of compensation, such as bonuses, incentives, awards, and/or other monetary payments, in the Wisconsin Class' (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes.

171. The foregoing conduct, as alleged above, constitutes continuing, willful violations of the Wisconsin Wage Payment and Collection Laws.

172. Defendant willfully failed to include all non-discretionary forms of compensation in the Wisconsin Class' (Non-Discretionary Compensation) regular rates of pay for overtime calculation purposes, in violation of Wisconsin Wage Payment Laws.

173. As set forth above, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) members have sustained losses in their compensation as a proximate result of Defendant's violations. Accordingly, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) seek damages in the amount of their respective unpaid compensation, injunctive relief requiring Defendant to cease and desist from its violations of the Wisconsin laws described herein and to comply with them, and such other legal and equitable relief as the Court deems just and proper. Under Wis. Stat. § 109.11, Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) may be entitled to liquidated damages equal and up to fifty percent (50%) of the unpaid wages.

174. Plaintiff and the Wisconsin Class (Non-Discretionary Compensation) seek recovery of attorneys' fees and the costs of this action to be paid by Defendant pursuant to the WWPCL.

**WHEREFORE**, it is respectfully prayed that this Court grant the following relief:

a) At the earliest possible time, issue an Order allowing Notice, or issue such Court supervised Notice, to all similarly-situated current and former hourly-paid, non-exempt Production employees who worked at and/or were employed by Defendant informing them of this action and their rights to participate in this action. Such Notice shall inform all similarly-situated current and qualified former employees of the pendency of this action, the nature of this action, and of their right to "opt in" to this action. Additionally, such notice will include a statement informing the similarly-situated current and qualified former employees that it is illegal for Defendant to take any actions in retaliation of their consent to join this action;

b) At the earliest possible time, issue an Order certifying this action as a class action pursuant to Federal Rules of Civil Procedure 23;

c) At the earliest possible time, issue an Order appointing Walcheske & Luzi, LLC as class counsel pursuant to Federal Rules of Civil Procedure 23;

d) Issue an Order, pursuant to the Declaratory Judgment Act, 28 U.S.C. §§ 2201-2202, declaring Defendant's actions as described in the Complaint as unlawful and in violation of the FLSA and Wisconsin Law and applicable regulations and as willful as defined in the FLSA and Wisconsin Law;

e) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees damages in the form of reimbursement for unpaid overtime wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

f) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees damages in the form of reimbursement for unpaid agreed upon wages for all time spent performing compensable work for which they were not paid pursuant to the rate provided by the FLSA and WWPCL;

g) Issue an Order directing and requiring Defendant to pay Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees liquidated damages pursuant to the FLSA and WWPCL in an amount equal to, and in addition to the amount of wages and overtime wages owed to them;

h) Issue an Order directing Defendant to reimburse Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees for the costs and attorneys' fees expended in the course of litigating this action, pre-judgment and post-judgment interest; and

i)  Provide Plaintiff and all other similarly-situated hourly-paid, non-exempt Production employees with such other and further relief, as the Court deems just and equitable.

**PLAINTIFF DEMANDS A JURY AS TO ALL TRIABLE ISSUES**

Dated this 25th day of March, 2019

WALCHESKE & LUZI, LLC
Counsel for Plaintiff


s/ ***Scott S. Luzi***_____
James A. Walcheske, State Bar No. 1065635
Scott S. Luzi, State Bar No. 1067405

WALCHESKE & LUZI, LLC
15850 W. Bluemound Road, Suite 304
Brookfield, Wisconsin 53005
Phone: (262) 780-1953
Fax: (262) 565-6469
jwalcheske@walcheskeluzi.com
sluzi@walcheskeluzi.com